UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>SCOTT KERNAN,<br><br>　　　　　Respondent. | No. 2:17-cv-1303-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is civilly committed and in the custody of the California Department of Corrections and Rehabilitation.[1] He proceeds without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests a temporary restraining order and the appointment of counsel.[2] ECF Nos. 1, 6, 8.

Petitioner claims he was civilly committed in 1997 following his plea of not guilty by reason of insanity. He seeks habeas relief on the grounds that (1) because he was ordered civilly committed, he should not be housed in prison among convicted criminals; (2) his attorney denied him access to the courts; and (3) the California Department of Corrections and Rehabilitation has denied him his right to a hearing regarding the restoration of his sanity. *See* ECF No. 1.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

[2] He has paid the filing fee.

According to the petition, petitioner has not presented any of his grounds for relief to the California Supreme Court.[3]

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986).

Rule 4 of the Rules Governing Section 2254 Cases provides for dismissal of a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.[4] The claims have not been presented to the California Supreme Court and there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[5]

Petitioner has also filed various letters with the court and appears to seek an injunction "for [his] safety and health . . . ." ECF No. 6 at 3; *see also* ECF No. 7. However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[6] At an

---

[3] Indeed, an online search of the California Supreme Court's case information did not yield any case results for petitioner.

[4] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

[5] To the extent success on any of petitioner's claim would not necessarily lead to his immediate or speedier release, they fall outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016).

[6] A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). "The

irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits in this action. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his petition must be dismissed for failure to exhaust, and thus, he has shown no likelihood of success on the merits of any claim. Accordingly, the motion must be denied.

Petitioner also requests that the court appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings.

Accordingly, it is hereby ORDERED that:

1. The Clerk is directed to randomly assign a United States District Judge to this case; and

2. Petitioner's request for the appointment of counsel (ECF Nos. 8 & 9) is denied.

Further, it is hereby RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies;

/////

---

standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc*., ––– U.S. –––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

3

2. Petitioner's request for injunctive relief (ECF No. 15) be denied; and

3. The Clerk be directed to serve a copy of any order adopting these findings and recommendations together with a copy of the petition on the Attorney General of the State of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 1, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE